IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIE LAMAR YOUNG, JR.,

    Plaintiff,

    v.

LT. FARLEY, COI GEPPERT, COI
LAMONACA, and COI SENTZ

    Defendants.

Civil Action No. 15-1654
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

## MEMORANDUM ORDER

Willie Lamar Young, ("Plaintiff"), *pro se* and *in forma pauperis*, initiated the present lawsuit by the filing a Complaint alleging use of excessive force. Plaintiff has filed several motions which are presently pending. The first pending motion is entitled "Request for Allowance to File a Single and/or only one (1) copy of support documents handwritten" (hereinafter "Motion for Single Copy"). (Docket No. [6]). The second pending motion is a motion requesting waiver of Local Rule 5.1 (hereinafter "Motion to Waive Local Rule"). (Docket No. [7]). In both Motions, Plaintiff claims indigence and limited amount of funding and also claims that because he is in the Restricted Housing Unit, he must "handwrite" all "documents, motions, responses." (Docket No. 7 at 1).

The Request for Allowance to File a Single and/or only one (1) copy of support documents handwritten [6] will be granted in part and denied in part. It will be granted to the extent that Plaintiff will be permitted to file only one copy of supporting documents and will not need to serve counsel because the filing of the document on ECF will be considered adequate

service for all filings other than original process, meaning that Plaintiff must supply a sufficient number of copies of the complaint and service papers for each named defendant.  The Motion for Single Copy will be denied to the extent that he seeks to file any documents in handwritten form that purport to transcribe the original contents of those supporting documents.  Instead, Plaintiff will be ORDERED to file actual photocopies of those supporting documents and may not substitute for those copies handwritten transcriptions of those documents.

The Motion to Waive Local Rule [7], appears to be governed by Local Rule 10 entitled "*PRO SE* CIVIL RIGHTS ACTIONS BY INCARCERATED INDIVIDUALS."  Local Rule 10 provides in relevant part that "[i]f additional pages are needed, they must be neatly written or typed on one side only, of 8 ½ by 11 inch paper, white in color for scanning purposes and ECF."  LCvR 10A.  The purpose of Local Rule 10A is to assist the court's staff in scanning pro se prisoner plaintiff's filings, which is an already labor intensive job and stretches the Court's limited resources.  The Court will liberally construe Plaintiff's Motion To Waive Local Rule as a Motion to Waive compliance with LCvR 10A.  Plaintiff contends that he is indigent and does not have the resources to comply with the Rule by, *inter alia*, supplying the proper paper size and by writing on only one side of the sheet.  However, the Court notes that in his IFP Motion, he had between June 2, 2015 and December 3, 2015, a high balance of $88.15 and low balance of $6.33.  The Court notes also that the Pennsylvania Department of Corrections provides indigent inmates with monthly supplies, even if, of limited amounts.  The Court finds that Plaintiff could have and should have planned for the eventuality of filing this suit and saving sufficient funds to litigate.  The events giving rise to this lawsuit occurred in June, 2014.  Plaintiff had since then time to save sufficient funds so as to supply himself with the necessary copies and supplies.  That

Plaintiff did not do so does not mean that he should be excused form complying with rules which are intended to benefit all litigants by enabling the Court to provide efficient service to all of the public or enable Plaintiff to shift the cost of his failure to plan properly to the public or to the limited resources of this Court. Accordingly, Plaintiff's Motion to Waive Local Rule will be denied.

The Court also notes that this matter was referred to Chief Magistrate Judge Maureen Kelly, who filed a Report and Recommendation (Docket No. [8]), recommending that the Complaint (Docket No. [3]) be dismissed pre-service pursuant to the Prison Litigation Reform Act because Plaintiff admitted in the Complaint that he has not fully exhausted the claim. The Report further recommended that the dismissal be with prejudice as it would be futile to amend. In response, Plaintiff made several filings. On March 1, 2016, Plaintiff filed a Motion for leave to file single copies (which was docketed as a "Motion to File Objections") of: 1) Plaintiff's Objections, 2) supporting documents and 3) Motion or leave to file an Amendment to his Complaint. (Docket No. [9]). Plaintiff's Motion for Leave to File Single Copies will be granted to the extent that he seeks to file single copies of his objections, supporting documents, his declaration in support and his Motion to Request Leave to Amend the Complaint, but will be denied to the extent that he seeks leave to file handwritten versions or transcribed copies of his exhibits rather than photocopies of those exhibits. The Court will not consider those handwritten exhibits which purport to be *verbatim* transcriptions of documents.

On March 1, 2016, Plaintiff also filed his Motion to Amend (Docket No. [10]) seeking to amend the portion of his original Complaint wherein he alleged that the final grievance appeal was still pending at the time of filing his Complaint. The portion of the Complaint which

Plaintiff now seeks to amend is the very portion of the Complaint that the Magistrate's Report had relied upon to conclude that Plaintiff had admittedly failed to exhaust his administrative remedies. Plaintiff therefore seeks to amend that very portion of the Complaint to allege now that he had in fact completely exhausted his administrative remedies before the filing of this suit.

In his Complaint, Plaintiff relied on two Grievances to establish that he in fact exhausted his administrative remedies, namely Inmate Grievance No. 517950 and Inmate Grievance No. 517973. (Docket No. 3 at 2). In his Objections, Plaintiff explains that he wanted to amend the Complaint to reflect he had indeed exhausted his administrative remedies at the time he filed the original Complaint which was on or about December 11, 2015, the date on which he mailed out the original Complaint (for a second time, as will be explained below). (Docket No. 3 at 8). Plaintiff wanted to explain that his concession in the original Complaint, that he had failed to exhaust, was a factually incorrect statement. In his Objections, Plaintiff explains that at the time he first sent the Complaint to this Court on or about August 30, 2015, he in fact was awaiting a response from the Chief Grievance Officer with regard to Inmate Grievance No. 517950. (Docket No. 11). However, when Plaintiff sent in the Complaint on or about August 30, 2015, he had sent the Complaint to the wrong address of the Court, i.e., the Court's previously used but discontinued post office box address, and Inmate Grievance No. 517973 in fact had been exhausted at that time. *Id.* After the Complaint that he sent to the incorrect address was returned to Plaintiff, he again sent the Original Complaint to the Court's correct address on or about December 11, 2015. Between the time of August 30 2015 (the date he mailed the Original Complaint to the wrong address) and December 11, 2015 (the date he mailed the Original Complaint to the correct address), facts had changed and by December 11, 2015, Grievance No.

4

517950 also had fully been exhausted, as the Chief Grievance Officer had already responded to Grievance No. 517950 as of October 23, 2014. *Id.* Plaintiff avers that the Chief Grievance Officer's response was to dismiss the Grievance Appeal asserting that "[t]he issue(s) presented on the attached grievance has been reviewed and addressed [by] prior grievance # 517950. Response: Your allegation of abuse claimed [sic] will be referred to the Office of Special Investigations and Intelligence for Review." *Id.* at 3.

In support of Plaintiff's contentions, he supplies handwritten "copies" (actually purported transcriptions) of alleged grievances and grievance responses that do not appear to be photo copies of the original responses by the Chief Grievance office given that they are not on the form utilized by the Chief Grievance Officer and he does not supply the copies of the original initial grievance forms that he filed. (<u>Compare</u> Docket No. 11-2 at 2-3 with Docket No. 1-2 at 5-7). Plaintiff also purports to provide a photo copy of the Chief Grievance Officer's October 23, 2014 Final Grievance Decision on Inmate Grievance No. 517973 as showing that "Your grievance is being dismissed as the final appeal level for the reason(s) outlined below . . . . 9. The issues presented on the attached grievance has been reviewed and addressed. Prior grievance #517950. . . . Your allegation of abuse claim will be referred to the Office of Special Investigations and Intelligence for review." (Docket No. 11-2 at 2-3).

The Court finds that it cannot make an informed decision concerning Plaintiff's Motion for Leave to Amend his Complaint and concerning Plaintiff's Objections to the Magistrate's Report and Recommendation without reviewing photocopies of all of the paperwork associated with Inmate Grievance No. 517950 and Inmate Grievance No. 517973, including: the Initial Grievances filed by Plaintiff and the Initial Responses; Plaintiff's Appeals to the Facility

5

Manager and the Facility Manager's Responses; Plaintiff's Appeals to the Chief Grievance Officer; and the Chief Grievance Officer's responses; and any results of the Investigations as well as any post-remand responses by the Facility Manager with respect to Grievance No. 517950.

Accordingly, a ruling on Plaintiff's Motion For Leave to Amend and a ruling on Plaintiff's Objections will be deferred pending his supplying photocopies to this Court of all paperwork associated with Grievance Nos. 517950 and 517973. Plaintiff will be ordered to supply those photocopies no later than April 18, 2016, and failure to supply those copies may result in the dismissal of the Complaint for failure to obey Court Orders and/or to prosecute.

AND NOW THIS 21st day of March, 2016, in accordance with the foregoing,

IT IS HEREBY ORDERED that the Request for Allowance to File a Single and/or only one (1) copy of support documents handwritten [6] is granted in part and denied in part; Plaintiff shall file actual photocopies of those supporting documents and may not substitute for those copies handwritten transcriptions of those documents; Plaintiff is permitted to file only one copy of supporting documents and will not need to serve counsel with same because the filing of the document on ECF will be considered adequate service for all filings other than original process; and Plaintiff shall supply a sufficient number of copies of the complaint and service papers for each named defendant;

IT IS FURTHER ORDERED that Plaintiff's Motion to Waive Local Rule [7] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Motion for leave to file single copies (which was docketed as a "Motion to File Objections")(Docket No. [9]) seeking to file single copies of:

Plaintiff's Objections to the Magistrate's Report and Recommendation, supporting documents, and Motion for Leave to Amend is GRANTED IN PART and DENIED IN PART.  Plaintiff's Motion is GRANTED to the extent that he seeks leave to file single copies of his objections, single copies of his declaration in support, single copies of supporting documents, other than documents purporting to be handwritten versions or transcribed copies of exhibits rather than photocopies of those exhibits, and single copies of his motion to request leave to amend, and is DENIED to the extent that he seeks leave to file handwritten versions or transcribed copies of his exhibits rather than photocopies of those exhibits;

IT IS FURTHER ORDERED that ruling on the Motion for Leave to Amend the Complaint (Docket No. [10]), and ruling on Plaintiff's Objections to the Magistrate's Report and Recommendation (Docket No. [8]) are deferred until after Plaintiff supplies photocopies to this Court of all paperwork associated with Grievance Nos. 517950 and 517973; and

FINALLY, IT IS ORDERED that Plaintiff shall supply those photocopies no later than April 18, 2016, and failure to supply those copies may result in the dismissal of the Complaint for failure to obey Court Orders and/or to prosecute.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:  March 21, 2016

cc:  WILLIE LAMAR YOUNG, JR.
S.C.I Pittsburgh
P.O. Box 9991
Pittsburgh, PA 15233