IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE LAMAR YOUNG, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1654 |
| | ) | Judge Nora Barry Fischer/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| LT. FARLEY, COI GEPPERT, COI | ) | |
| LAMONACA, and COI SENTZ | ) | Re: ECF Nos. 56 and 61 |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Willie Lamar Young, Jr. ("Plaintiff"), an inmate at the State Correctional Institution at Pittsburgh, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs.

Presently before this Court are two Motions[1] filed by Plaintiff which seek a preliminary injunction and/or a temporary restraining order prohibiting Defendants from retaliatory harassment of Plaintiff by: (1) tampering with/destroying his personal property; (2) tampering with his commissary slip; (3) preventing him from receiving needed case-related materials; and (4) terroristic threats. ECF Nos. 56 and 61.

In response to the instant Motions, counsel for Defendants has advised that: (1) on February 8, 2017, Plaintiff was given an opportunity to go through his personal materials and request that some be shipped home and that some be destroyed; (2) Plaintiff is entitled to a property exchange every 30 days through which he may obtain case-related materials; and (3)

---

[1] Plaintiff's original Motion, filed on January 19, 2017, ECF No. 61, was inadvertently filed at an incorrect Civil Action Number. Recognizing that the Court had not received that Motion, Plaintiff filed a duplicate Motion, ECF No. 56, on February 22, 2017, and Brief in support thereof, ECF No. 57. Because these Motions are the same in substance, the Court will address them together.

Plaintiff is in the Special Residential Treatment Unit ("SRTU") and is currently in Phase 3 of the SRTU program which permits commissary orders of up to $15 and orders over that amount are sent back to the commissary and held until the inmate reaches Phase 1 of the SRTU program. At such time, the purchasing restrictions are lifted. ECF No. 60 at 2-3.

Inmate *pro se* pleadings which seek extraordinary or emergency relief, in the form of preliminary injunctions and/or temporary restraining orders, are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. Four factors govern a district court's decision in such matters:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). Further, a request for injunctive relief in the prison context must be viewed with great caution because of the complex and intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In this case, review of Plaintiff's Motions leads the Court to conclude that Plaintiff has not made the demanding showing required by Rule 65 for this extraordinary form of relief. As an initial matter, Plaintiff has not yet met his threshold obligation of showing reasonable likelihood on the merits. In addition, Plaintiff has not made a showing of immediate irreparable harm justifying a preliminary injunction. Plaintiff has not established the necessity for the federal court to intervene and render an ad hoc individual decision which could adversely affect the Defendants' and the public's interest in penological order. Accordingly, the Motions are

denied.

AND NOW, this 14th day of March, 2017, IT IS HEREBY ORDERED that the Motions, ECF No. 56 and 61, are DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: WILLIE LAMAR YOUNG, JR.
S.C.I Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233

All counsel of record via CM-ECF